USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:  6/8/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OFF-WHITE LLC,

                    Plaintiff,

          v.

ADAGIO *et al.*,

                    Defendants.

---

No.   19-CV-676 (RA)

OPINION ADOPTING REPORT &
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

       Plaintiff Off-White LLC initiated this action on January 23, 2019 against 132 Defendants, alleging, among other violations, trademark infringement and counterfeiting under the Lanham Act.  Dkt. 8 (Unsealed Complaint).  With its complaint, Plaintiff moved *ex parte* for a temporary restraining order ("TRO"), an order restraining assets, an order to show cause why a preliminary injunction should not be issued, an order authorizing alternative service by electronic means, and an order authorizing expedited discovery (collectively, the "Application") as to all of the Defendants.  Dkt. 17-21.  On February 4, 2019, the Court granted Plaintiff's Application.  Dkt. 22.  In that same order, the Court scheduled a show cause hearing on February 13, 2019 as to why a preliminary injunction should not be entered against Defendants.  *Id.*  Plaintiff appeared at that hearing, but Defendants did not.  On February 19, 2019, the Court entered a preliminary injunction against all of the Defendants.  Dkt. 25.

       On May 10, 2019, Plaintiff requested leave to move for default judgment and a permanent injunction, which the Court granted shortly thereafter.  Dkt. 29.  On July 17, 2019, Plaintiff obtained a certificate of default from the Clerk of Court against all Defendants except for Defendant Lm9999, Dkt. 32, and on July 30, 2019, Plaintiff filed its motion for default

judgment against the remaining 131 Defendants, Dkt. 34.[1]  On September 4, 2019, the Court ordered the remaining Defendants to appear at a show cause hearing scheduled for October 17, 2019.  Dkt. 40.  Prior to the show cause hearing, Plaintiff voluntarily dismissed this action against 11 more Defendants, *see* Dkt. 43, 46, 49, thus 120 Defendants remained.[2]  Plaintiff appeared at the show cause hearing, but Defendants did not.  The Court granted a default judgment against the remaining Defendants as to Plaintiff's trademark counterfeiting and infringement claims, and entered a permanent injunction against each Defendant.  Dkt. 50.  The action was subsequently referred to Magistrate Judge Cott for an inquest on damages.  Dkt. 51.

On October 22, 2019, Judge Cott ordered Plaintiff to serve and file Proposed Findings of Fact and Conclusions of Law regarding the damages and other relief sought.  Dkt. 52.  He gave Defendants an opportunity to respond to this filing, but Defendants did not do so.  *Id.*  Plaintiff sought $12,000,000 in statutory damages – that is, $100,000 for each of the 120 defaulting Defendants – in addition to post-judgment interest and an Order freezing the defaulting Defendants' assets and transferring their assets to Plaintiff until the damages award is satisfied. After submitting its Proposed Findings of Facts and Conclusions of Law, Plaintiff filed a notice of voluntary dismissal with respect to Defendants Higou and superstarseller, leaving 118 defaulting Defendants in the action.  *See* Dkt. 59.

On April 3, Judge Cott issued a detailed and well-reasoned 24-page Report & Recommendation (the "Report"), recommending that this Court grant Plaintiff's request for statutory damages in the total amount of $11,800,000, in addition to post-judgment interest.

---

[1] Shortly thereafter, Plaintiff voluntarily dismissed the action against Defendant Lm999.  Dkt. 44.

[2] Plaintiff voluntarily dismissed this action against Defendants b147cc741, com666, fear_store, greencactus, lpoo259, mei15377021480, pitarya001, the maxshoes, superad, supermm, and weaver147.  Dkt. 43, 46, 49.

Specifically, he recommended that Plaintiff "be awarded statutory damages in the amount of $100,000 against each of the remaining 118 Defaulting Defendants[.]" Rpt. at 23. Judge Cott also recommended that "an Order be entered freezing each Defaulting Defendant's assets and authorizing the release and transfer of those assets to Off-White until the monetary judgment against the respective Defaulting Defendant is satisfied." *Id*. Judge Cott noted, however, that on April 2, "[a]t the time the Court was finalizing this Report and Recommendation, Off-White submitted a Notice of Voluntary Dismissal as to five of the Defaulting Defendants (Dkt. No. 60)[.]"[3] Rpt. at 6 n.5. He explained that "if those stipulations are signed by the Court, this Report and Recommendation would not apply as to them." *Id.* Neither party has filed objections to the Report.[4]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "The district court may adopt those

---

[3] On April 2, Plaintiff filed a notice of voluntary dismissal with respect to Defendants Air98, coolshoesbiz, mansneaker, rungshoes001, and sneakertrade. Dkt. 60.

[4] Plaintiff successfully served a copy of the Report, pursuant to the alternative methods of service authorized by this Court's TRO and preliminary injunction order, on all but eight Defendants. Dkt. 63. Its attempts to serve Defendants daily_deal, dreamerday, dreamycelina, dugate20, internationalcai, newest007, shopcjy and wjhchina were unsuccessful. *Id*.

The Court nonetheless still adopts the Report's recommendations regarding Plaintiff's request for damages from these eight Defendants. First, Plaintiff previously served these eight Defendants with copies of the summons, complaint, TRO, and supporting documents, Dkt. 15, as well as the preliminary injunction order, Dkt. 28. These eight Defendants, however, did not appear. Second, even though Plaintiff was unable to serve its motion for a default judgment, Dkt. 39, or the order to show cause on several of these Defendants, Dkt. 42, the Court granted a default judgment against them. In doing so, the Court noted that "if a party hasn't appeared, the Federal Rules don't require that a default judgment be served on [a party] at all." *Moskovitz v. La Suisse*, No. 06-CV-4404 (CM), 2013 WL 6197163, at *8 (S.D.N.Y. Nov. 25, 2013); *see also Bobrow Greenapple & Skolnik v. Woods*, 865 F.2d 43, 44 (2d Cir. 1989) ("Neither Fed. R. Civ. P. 55(b)(2) nor [the SDNY local rule] requires that, before judgment can be entered, the clerk's certificate be served upon an opposing party who has not appeared."). Finally, for the Court not to grant a default judgment and damages in Plaintiff's favor at this stage would be prejudicial to Plaintiff, particularly because these eight Defendants had ample notice of the litigation against them since at least January 31, 2019.

portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions sets forth in those sections are not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotations omitted).  "When no objections are filed to an R&R, a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." *Santos v. City of New York*, No. 10-CV-3159 (JPO), 2012 WL 565987, at *1 (S.D.N.Y. Feb. 21, 2012).  Finally, "if as here, the . . . magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (internal citations omitted).

As no objections to the Report were filed, the Court has reviewed Judge Cott's Report for clear error and found none.  The Report is thus adopted in its entirety, with the exception that it must deduct $500,000 from the recommended total award.  As Judge Cott noted in his Report, Plaintiff filed a voluntary dismissal of this action against Defendants Air98, coolshoesbiz, mansneaker, rungshoes001, and sneakertrade after the Report was finalized.  *See* Rpt. at 6 n.5.  Because the Court signed those stipulations, *see* Dkt. 62, the Report cannot apply to them.  The Court thus deducts $500,000 – $100,000 per each Defendant – from the total award.  Accordingly, Plaintiff is awarded statutory damages in the total amount of $11,300,000, plus post-judgment interest, as well as an Order freezing the assets of Defendants, with the exception of Defendants Air98, coolshoesbiz, mansneaker, rungshoes001, and sneakertrade, and authorizing the release and transfer of those assets to Plaintiff until the monetary judgment is satisfied.

The Clerk of Court is respectfully directed to terminate any pending motions and close the case.

SO ORDERED.

Dated:      June 8, 2020
            New York, New York

_____
Ronnie Abrams
United States District Judge