Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
William C. Wright (WW 2213)
bwright@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
BELLIZIO + IGEL PLLC
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone: (212) 873-0250
Facsimile: (646) 395-1585
*Attorneys for Plaintiff*
*Off-White LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OFF-WHITE LLC,

*Plaintiff*

v.

ADAGIO, AIR98, AIR_MAX_SHOES, AJSNEAKER2, ANING288, ANING880, APESELLER, ASDFGH888, AUGUST_LUCK, AUGUST_LUCK2, AUGUST_LUCK5, B147CC741, BAPECLOTHING, BOOTS550, BRANDSELLER8, CANNON5811, CHEAP_NK_SHOES, CHINARENJAKE, COM666, COOLSHOESBIZ, DAILY_DEAL, DEAN5811, DHBRAND8, DHBRANDHOODIE,

**CIVIL ACTION No.**
**19-cv-676 (RA)**

**AMENDED**
**~~[PROPOSED]~~**
**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

DHBRANDHOODIES, DHWSUPERSELLER, DISCOUNT_BRAND_SHOES, DONGLIANGLI, DQ888, DREAMERDAY, DREAMYCELINA, DUGATE20, EASTSUNSHOPPING, EVER_SHOES, FASHIONSAMRT, FASHION_HOT, FEAR_STORE, GC2018, GOODAY2016, GOODLUCKY3220, GREENCACTUS, GUCCILV, GYH2016, H17086443317, HAPPYMC, HEYBABY, HIGOU, HK_POINT, HOME_BABY, HUAFEI00017, HUMIN01, INTERNATIONALCAI, IRIS59118, KELLYONE, KEVIN_ECHO09, KISS_DARLING, LIAO2018, LIUJIANFENG47, LM2018212, LPOO259, LT88888888, MANBASKETBALLSHOES, MANSNEAKER, MAXIAN886, MEI15377021480, METOOSPORTS, MIKICO168, MIMILE, MOON2017, MU521, MYWHOLESALEONLINE, NEWBRANDCLOTHES, NEWEST007, NEW_NEW_SPORT, NICOLA59118, NIKEAIRMAX270, NY_STORE, OFFWANGSHENGLI, PETERSON5168, PIGPEGGY, PINKUP, PITAYA001, PPSHIRT, ROSEWHOLESALER, RUNGINGSHOESS, RUNGSHOES001, RUNNING_MEN_SHOES, SANXUN6, SASAW8, SHANSHAN1993, SHARKSELLER, SHOPCJY, SKDDGS520, SNEAKERSMETOO, SNEAKERTRADE, SOPRESELLER, STOR_SPORTS, SUPERAD, SUPERMM, SUPERSTARSELLER, SUPERSTORE1ONE, SUPGC2018, SUPPLIEROFSHOES, SUPSTORE, SUPSTORE212, TENDDS, TENDDS2, THEMAXSHOES, TOPCLOTHES10, TOPSHOES001, TPG689, UBESTSELLER, VERAWANG1, VIP2222, VIP728521, WANGJUNFENG19, WANGJUNFENG1999, WEAVER147, WINTERHAT, WITHBOX1, WJHCHINA, WJPZW006, XIEYUEZHANG19, XINXINWHOLESALE, XMLGQ, Y275871935, YEEZY350V3SHOE, YUHANGSHIDAI, ZUOGENGLIN, ZUOHU1987 AND ZYYKYFZ,

*Defendants*

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or "Off-White"** | Off-White LLC | N/A |
| **Defendants** | Adagio, Air98, Air_max_shoes, AJSneaker2, Aning288, Aning880, Apeseller, Asdfgh888, August_luck, August_luck2, August_luck5, B147cc741, Bapeclothing, Boots550, Brandseller8, Cannon5811, Cheap_nk_shoes, Chinarenjake, Com666, Coolshoesbiz, Daily_deal, Dean5811, Dhbrand8, Dhbrandhoodie, Dhbrandhoodies, Dhwsuperseller, Discount_brand_shoes, Dongliangli, Dq888, Dreamerday, Dreamycelina, Dugate20, Eastsunshopping, Ever_shoes, Fashionsamrt, Fashion_hot, Fear_store, Gc2018, Gooday2016, Goodlucky3220, Greencactus, Guccilv, Gyh2016, H17086443317, Happymc, Heybaby, Higou, Hk_point, Home_baby, Huafei00017, Humin01, Internationalcai, iris59118, Kellyone, Kevin_echo09, Kiss_darling, liao2018, liujianfeng47, Lm2018212, lpoo259, lt88888888, manbasketballshoes, mansneaker, maxian886, mei15377021480, metoosports, mikico168, mimile, moon2017, mu521, mywholesaleonline, newbrandclothes, newest007, new_new_sport, nicola59118, nikeairmax270, ny_store, offwangshengli, peterson5168, pigpeggy, pinkup, pitaya001, ppshirt, rosewholesaler, rungingshoess, rungshoes001, running_men_shoes, Sanxun6, Sasaw8, shanshan1993, sharkseller, shopcjy, skddgs520, sneakersmetoo, sneakertrade, sopreseller, stor_sports, superad, supermm, superstore1one, Supgc2018, supplierofshoes, supstore, supstore212, tendds, tendds2, themaxshoes, topclothes10, topshoes001, tpg689, ubestseller, verawang1, Vip2222, vip728521, wangjunfeng19, wangjunfeng1999, weaver147, winterhat, withbox1, wjhchina, wjpzw006, xieyuezhang19, xinxinwholesale, xmlgq, y275871935, yeezy350v3shoe, yuhangshidai, zuogenglin, zuohu1987 and zyykyfz | N/A |
| **Defaulting Defendants** | Adagio, Air_max_shoes, AJSneaker2, Aning288, Aning880, Apeseller, Asdfgh888, August_luck, August_luck2, August_luck5, Bapeclothing, Boots550, Brandseller8, Cannon5811, Cheap_nk_shoes, Chinarenjake, Daily_deal, Dean5811, Dhbrand8, Dhbrandhoodie, Dhbrandhoodies, Dhwsuperseller, Discount_brand_shoes, Dongliangli, Dq888, Dreamerday, Dreamycelina, Dugate20, Eastsunshopping, Ever_shoes, | N/A |

| | | |
|---|---|---|
| | Fashionsamrt, Fashion_hot, Gc2018, Gooday2016, Goodlucky3220, Guccilv, Gyh2016, H17086443317, Happymc, Heybaby, Hk_point, Home_baby, Huafei00017, Humin01, Internationalcai, iris59118, Kellyone, Kevin_echo09, Kiss_darling, liao2018, liujianfeng47, Lm2018212, lt88888888, manbasketballshoes, maxian886, metoosports, mikico168, mimile, moon2017, mu521, mywholesaleonline, newbrandclothes, newest007, new_new_sport, nicola59118, nikeairmax270, ny_store, offwangshengli, peterson5168, pigpeggy, pinkup, ppshirt, rosewholesaler, rungingshoess, running_men_shoes, Sanxun6, Sasaw8, shanshan1993, sharkseller, shopcjy, skddgs520, sneakersmetoo, sopreseller, stor_sports, superstarseller, superstore1one, Supgc2018, supplierofshoes, supstore, supstore212, tendds, tendds2, topclothes10, topshoes001, tpg689, ubestseller, verawang1, Vip2222, vip728521, wangjunfeng19, wangjunfeng1999, winterhat, withbox1, wjhchina, wjpzw006, xieyuezhang19, xinxinwholesale, xmlgq, y275871935, yeezy350v3shoe, yuhangshidai, zuogenglin, zuohu1987 and zyykyfz | |
| **DHgate** | An online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York. | N/A |
| **Complaint** | Plaintiff's Complaint filed on January 23, 2019 | 8 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on January 23, 2019 | 17-21 |
| **Abloh Dec.** | Declaration of Virgil Abloh in Support of Plaintiff's Application | 20 |
| **Brennan Dec.** | Declaration of Mary Kate Brennan in Support of Plaintiff's Application | 21 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Assets and Merchant Storefronts; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on January 24, 2019 | 22 |
| **PI Show** | February 13, 2019 hearing to show cause why a preliminary | N/A |

| | | |
|---|---|---|
| **Cause Hearing** | injunction should not issue | |
| **PI Order** | February 19, 2019 Preliminary Injunction Order | 25 |
| **Off-White Marks** | U.S. Trademark Registration No. 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012 (the "Off White Word Mark Registration"), U.S. Trademark Registration of , U.S. Trademark Registration No. 5,150,712, for a variety of goods in Class 18 and Class 25 (the "Off-White Horizontal Diagonal Mark Registration"), U.S. Trademark Registration of , U.S. Trademark Registration No. 5,307,806, for a variety of goods in Class 18 and Class 25 (the "Off-White Vertical Diagonal Mark Registration") (collectively, the "Off-White Diagonal Mark Registrations"), U.S. Trademark Registration for , U.S. Trademark Registration No. 5,387,983, for a variety of goods in Class 25 (the "Off-White Arrow Mark Registration"), U.S. Trademark Registration No. 5,572,836 for "Off White C/O Virgil Abloh" for a variety of goods in Class 25 (the "Off-White C/O Virgil Abloh Word Mark Registration"), U.S. Trademark Registration of , U.S. Registration No. 5,445,222 for a variety of goods in Class 25 (the "Off-White Arrow Mark with Horizontal Bar Registration"), U.S. Trademark Serial Application No. 88/080,002 for for a variety of goods in Class 25 (the "Off-White Arrow Mark with Leaves Application"), U.S. Trademark Serial Application No. 88/041,456 for , for a variety of goods in Class 18 and Class 25 (the "Off-White Red Zip Tie Application"), U.S. Trademark | N/A |

| | Serial Application No. 88/247,568 for , for a variety of goods in Class 09 and Class 25 (the "Off-White Off Off Application") and U.S. Trademark Serial Application No. 87/913,823 for , for a variety of goods in Class 25 | |
|---|---|---|
| **Counterfeit Products or Infringing Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products | N/A |
| **User Accounts** | Any and all websites, any and all accounts with online marketplace platforms such as DHgate.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | All money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as Dunhuang Group d/b/a DHgate.com ("DHgate") (*e.g.*, DHpay.com), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong"), and other companies | N/A |

| | | |
|---|---|---|
| | or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by DHgate, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on July 30, 2019 | 34-37 |
| **Yamali Aff.** | Affidavit of Danielle S. Yamali in Support of Plaintiff's Motion for Default Judgment | 35 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Off-White Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Yamali in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded One Hundred Thousand

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

U.S. Dollars ($100,000.00) ("Defaulting Defendants' Individual Damages Award") in statutory damages against each of the One Hundred Thirteen (113) Defaulting Defendants, pursuant to Section 15 U.S.C. § 1117(c) of the Langham Act for a total of Eleven Million Three Hundred Thousand U.S. Dollars ($11,300,000.00)("Defaulting Defendants' Individual Damages Award"), plus post-judgment interest.

## III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

   B. directly or indirectly infringing in any manner Plaintiff's Off-White Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's Off-White Marks or any other marks that are confusingly similar to the Off-White Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

  ii. Defaulting Defendants' Assets; and

  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Off-White Marks, or bear any marks that are confusingly similar to the Off-White Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

   C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

**IV. <u>Post-Judgment Asset Transfer and Asset Freeze Order</u>**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Frozen Assets from Defaulting Defendants' Frozen Accounts, are, to the extent that a given Defaulting Defendant's Frozen Assets equal Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of Defaulting Defendants' Individual Damages Award for that Defaulting Defendant, and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts. To the extent that a Defaulting Defendant's Frozen Assets are less than Defaulting Defendants' Individual Damages Award,

that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Award owed to them by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or

abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all of Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order.

## V. <u>Miscellaneous Relief</u>

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants'

Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with the action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 16 day of June, 2020, at ________ __.m.

HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE